UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**XIAOYONG CHAI**,

        Plaintiff,

v.

**GENERAL MOTORS**, LLC

        Defendants.

Case No.
Hon.

---

Adam M. Taub (P78334)
Croson, Taub, & Michaels, PLLC
Attorney for Plaintiff
117 N. First St., Ste 111
Ann Arbor, MI 48104
(734) 519-0872
ataub@ctmlawyers.com

---

## COMPLAINT AND DEMAND FOR TRIAL BY JURY

There is no other pending or resolved civil action arising out of the transactions or occurrences alleged in the Compliant.

Plaintiff Xiaoyong Chai, by and through his attorneys, Croson, Taub, & Michaels, PLLC, hereby alleges as follows:

## PARTIES, JURISDICTION, AND VENUE

1. This is an action for age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq*., and Michigan's Elliott-Larsen Civil Rights Act ("ELCRA"), MCL § 37.2101, *et seq*.

2. Plaintiff, Xiaoyong Chai, is an individual residing in the City of

Washington, Michigan in Macomb County.

3. Defendant, General Motors, LLC, is a foreign limited liability company with a registered business address in East Lansing, Michigan.

4. Plaintiff is a former employee of Defendant as defined by the ADEA and ELCRA.

5. At all times relevant hereto, Plaintiff performed work for Defendant in the Eastern District of Michigan.

6. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1343(a)(4) (jurisdiction over civil rights claims).

7. This Court also has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiff's state law claims. The pendant claims are part of the same case or controversy. They do not substantially predominate. They do not raise novel or complex issues. Therefore, exercise of jurisdiction is proper.

8. Venue is proper in this Court because Defendant obligated itself to Plaintiff within the Eastern District of Michigan, Plaintiff was employed by Defendant within the Eastern District of Michigan, and the actions giving rise to this lawsuit occurred within the Eastern District of Michigan.

9. Defendant is an employer and Plaintiff is an employee within the meaning of the ADEA and the PWDCRA.

10. Plaintiff filed a timely charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging discrimination on the basis of his age.

11. Plaintiff's charge was within 300 days of the commission of the unlawful employment practices alleged in this claim.

12. Plaintiff received his notice of right to sue from the EEOC prior to bringing the instant action.

## STATEMENT OF FACTS

13. Plaintiff is sixty-four (64) years old and was born in 1957.

14. Plaintiff began working for Defendant on or about March 1, 2016 as a Data Scientist.

15. As a Data Scientist, among other tasks, Plaintiff developed and used advanced analytics algorithms in supporting teams to make predictive models in an effort to solve or predict issues throughout GM.

16. At all times relevant hereto, Plaintiff performed his job diligently and competently and was well-qualified for the positions he held.

17. Around two years into his employment, the individual who hired Plaintiff into the company, Tom Capatosco, left Defendant.

18. Mr. Capatosco was Plaintiff's initial supervisor, and he had no issues with Plaintiff's work performance.

19. However, shortly before Mr. Capatosco left the company, Robert Voigt became Plaintiff's supervisor.

20. Notably, Mr. Voigt began hiring significantly younger individuals (approximately five before Plaintiff's eventual termination) who had recently graduated with bachelor's degrees, while Plaintiff was the oldest employee on his team and had a PhD.

21. As soon as Mr. Capatosco was no longer employed with GM, Mr. Voigt began making untrue and unjustified comments critical of Plaintiff's work performance.

22. Almost immediately after Mr. Capatosco left Defendant, Mr. Voigt, in a one-on-one meeting with Plaintiff, stated that Plaintiff's work was "not technically worthy."

23. This statement, however, was untrue, and as Mr. Voigt had not supervised Plaintiff's work for a significant period of time at that point and was not a data scientist like Plaintiff, he was not in a position to know the merit of Plaintiff's work.

24. Nonetheless, Mr. Voigt's unfair criticism of Plaintiff's work performance continued.

25. On or about September 18, 2019, Plaintiff attended a meeting in which he was issued a performance improvement plan ("PIP").

26. At that meeting, Mr. Voigt and the human resources representative argued over who was responsible for issuing the PIP, with Mr. Voigt claiming that HR wanted to place Plaintiff on the PIP and the HR representative stating that it could not issue the PIP without Mr. Voigt requesting it.

27. Regardless, Defendant moved forward with the PIP.

28. While the PIP goals were unrealistic and required extraordinary effort by Plaintiff to complete, he was able to do so.

29. Specifically, Mr. Voigt directed Plaintiff to assist a GM group known as the "Squeak and Rattle team," which was tasked with determining candidate defect sources of squeak and rattle complaints for GM vehicles.

30. Mr. Voigt charged Plaintiff with compiling and examining data sources that would allow the team to search for problem candidates to determine working directions to resolve various defects.

31. To do this, Plaintiff needed to compile data for any subgroups of GM cars on the list of candidate defect sources of squeak-rattle-complaints, including the part, design, manufacturer, etc. Plaintiff successfully aggregated and reorganized GM's complex database info into an Excel spreadsheet that would allow a non-data scientist (i.e. an engineer) to search the data for critical and clear information. Plaintiff compiled data from hundreds of thousands of vehicles and millions of GM

features with reported issues in order to accomplish this task, which took significant work on his part.

32. Despite the significant technical challenges in completing this project, Plaintiff was able to complete the task and deliver the spreadsheet to Mr. Voigt within the timeline provided in his PIP.

33. On the PIP paperwork, however, Mr. Voigt falsely claimed that Plaintiff failed to timely deliver this work.

34. Plaintiff also demonstrated the effectiveness of this spreadsheet to Mr. Voigt and requested to be able to demonstrate its operation to the Squeak and Rattle team.

35. Mr. Voigt refused to allow Dr. Chai to do so despite Dr. Chai demonstrating he was successful.

36. At that meeting, Mr. Voigt was visibly upset about the technical achievement of Plaintiff's work.

37. Following that meeting, Plaintiff continued to go about doing his work, including working with Tom Piegat, Mr. Voigt's supervisor, to expand the scope of the project related to Squeak and Rattle to other vehicle defects and designs that could lead to potential legal liability.

38. On November 4, 2019, Plaintiff approached Mr. Piegat who expressed interest in Plaintiff's work and instructed Plaintiff to demonstrate his work in front of a senior management and technician team.

39. Plaintiff, however, never got the chance.

40. That same afternoon, Defendant terminated Plaintiff's employment.

41. At that time, no explanation was given.

42. Plaintiff later learned that Defendant claimed that it terminated Plaintiff for work performance.

43. Plaintiff, however, had strong work performance.

44. Furthermore, on information and belief, similarly-situated younger employees had similar or worse performance issues than Plaintiff, but they were not placed on PIPs or terminated.

45. On information and belief, a significantly younger employee replaced Plaintiff.

46. Defendant terminated Plaintiff due to his age.

## COUNT I
## AGE DISCRIMINATION IN EMPLOYMENT ACT

47. Plaintiff incorporates by reference the foregoing paragraphs as if fully set forth herein.

48. At all times relevant hereto, Defendant was an employer and Plaintiff was an employee as defined by the ADEA, 29 U.S.C. § 630.

49. Plaintiff is a member of a protected class because of his age, sixty-four (64).

50. Defendant violated Plaintiff's rights under ADEA, 29 U.S.C. §§ 621, *et seq*.

51. Defendant by its agents, representatives, and/or employees, were predisposed to discriminate on the basis of age and acted in accordance with that predisposition.

52. Defendant subjected Plaintiff to disparate treatment because of his age, said acts being made unlawful by the ADEA, 29 U.S.C.A. §§ 621, *et seq*. Such acts include but are not limited to Defendant's termination of Plaintiff's employment.

53. Defendant's actions in violation of the ADEA were willful.

54. Defendant's actions were motivated by unlawful discrimination against Plaintiff because of his age.

55. But for Plaintiff's age, he would not have been terminated by Defendant.

56. As a direct and proximate result of Defendant's violation of the ADEA, Plaintiff has suffered emotional and physical distress, mental and physical anguish, loss of reputation, humiliation and embarrassment and will so suffer in the future.

57. As a further direct and proximate result of Defendant's violation of the ADEA, Plaintiff has been placed in financial distress and has suffered a loss of earnings

and benefits, and impairment of his earning capacity and ability to work, and will so suffer in the future; he has been required to employ the services of an attorney to bring this lawsuit and will suffer additional damages in the future.

## COUNT II
## AGE DISCRIMINATION IN VIOLATION OF ELCRA
## MCL § 37.2202(1)(a)

58. Plaintiff incorporates by reference the foregoing paragraphs as if fully set forth herein.

59. At all relevant times, Defendant was an employer and Plaintiff was an employee covered by and within the meaning of ELCRA, MCL § 37.2201.

60. Plaintiff is a member of a protected class because of his age, sixty-four (64).

61. Plaintiff was subjected to adverse employment actions, including his termination.

62. Defendant's actions were motivated by unlawful discrimination against Plaintiff because of his age.

63. But for Plaintiff's age, he would not have been terminated.

64. As a direct and proximate result of Defendant's wrongful acts, Plaintiff has sustained injuries and damages including but not limited to, loss of earnings and earning capacity; loss of career opportunities; loss of fringe and retirement benefits;

mental anguish; physical and emotional distress; humiliation and embarrassment; and loss of professional reputation.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff, **XIAOYONG CHAI**, requests that this Honorable Court grant the following relief:

a. Declare the practices and actions of Defendant as unlawful employment practices in violation of the ADEA and ELCRA;

b. Compensatory damages for monetary and non-monetary loss in whatever amount he is found to be entitled;

c. Exemplary damages in whatever amount he is found to be entitled;

d. Punitive damages in whatever amount he is found to be entitled;

e. A judgment for lost wages and benefits, past and future, in whatever amount he is found to be entitled;

f. Liquidated damages;

g. An order of this Court reinstating Plaintiff to the position he would have if there had been no wrongdoing by Defendant;

h. An injunction of this Court prohibiting any further acts of discrimination by Defendant;

i. An award of interest, costs and reasonable attorney fees; and

j. Whatever other equitable relief this Court finds appropriate.

                Respectfully Submitted,
                CROSON, TAUB, & MICHAELS, PLLC


                /s/ Adam M. Taub_____
                Adam M. Taub (P78334)
                Attorney for Plaintiff
                117 N. First St., Ste 111
                Ann Arbor, MI 48104
                (734) 519-0872
                ataub@ctmlawyers.com

Dated: August 30, 2021

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**XIAOYONG CHAI**,

        Plaintiff,

v.

**GENERAL MOTORS**, **LLC**

        Defendants.

Case No.
Hon.

---

Adam M. Taub (P78334)
Croson, Taub, & Michaels, PLLC
Attorney for Plaintiff
117 N. First St., Ste 111
Ann Arbor, MI 48104
(734) 519-0872
ataub@ctmlawyers.com

---

## **DEMAND FOR TRIAL BY JURY**

**NOW COMES** Plaintiff, **XIAOYONG CHAI**, by and through his attorneys, **CROSON, TAUB, & MICHAELS, PLLC**, and hereby demands a trial by jury, for all issues so triable.

                                Respectfully Submitted,
                                CROSON, TAUB, & MICHAELS, PLLC


                                /s/ Adam M. Taub_____
                                Adam M. Taub (P78334)
                                Attorney for Plaintiff
                                117 N. First St., Ste 111
                                Ann Arbor, MI 48104
                                (734) 519-0872
                                ataub@ctmlawyers.com

Dated: August 30, 2021